UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRADLEY S. MILLER                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:04CV-393-S

UNITED DEFENSE, LP                                                                                 DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, United Defense, LP, for summary judgment (DN 18). The plaintiff, Bradley S. Miller, has been employed as a Labor Grade 4 worker by United Defense since November 6, 2000. He remains employed on a full-time basis with United Defense. He contends in this action that United Defense violated the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and his constitutional rights in its treatment of him relating to attendance issues.[1] United Defense has moved for summary judgment on all of these claims.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving

---

[1] Miller also claimed a violation of the Age Discrimination in Employment Act, but voluntarily dismissed the claim in March of 2005.

party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

I.

In order to succeed on a constitutional claim against United Defense Miller must establish that United Defense was a state actor. *Mays v. Buckeye Rural Electric Co-op, Inc.*, 277 F.3d 873, 880 (6th Cir. 2002)("In the absence of state action, a plaintiff may not assert a due process claim under the Fourteenth Amendment").

Miller does not dispute that United Defense is a private company, not a government entity. Rather, he contends that a private company can act under color of state law when it is "hired by a governmental entity to perform a function on its behalf." Miller response, at *5. However the cases cited by Miller stand for a much narrower proposition than he suggests. Both *Woodward v. Correctional Medical Services*, 368 F.3d 917 (7th Cir. 2004) and *Flint ex rel. Flint v. Kentucky Department of Corrections*, 270 F.3d 340 (6th Cir. 2001) involved companies hired to house or provide medical care to prisoners, functions found to be fairly attributable to the state inasmuch as the incarceration of convicted persons placed responsibilities on the state for their care.

By contrast, United Defense is a private manufacturer. It is not performing a government function, but rather engaging in its manufacturing business. Attendant to that business is the management of its employees. Miller is employed as an electrical/mechanical laborer with the company. The lawsuit arose from United Defense's treatment of Miller in his employment. There has been no showing of any government involvement with the operations of United Defense. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S.Ct. 2764, 2771, 73 L.Ed.2d 418 (1982)(acts of

private contractors do not become acts of the government solely by reason of their significant or even total engagement in performing public contracts). The cases cited by Miller are inapposite. The claim of a constitutional violation must be dismissed as United Defense has not been shown to be a state actor.

## II.

Miller contends that he was a qualified person with a disability who suffered a materially adverse change in the conditions of his employment.

Miller has not shown that he is a qualified person with a disability. Under the ADA, Miller must show that he has a physical or mental impairment that substantially limits one of more major life activities. 12 U.S.C. § 12102(2)(A). Miller contends that his supervisors' actions in allegedly making "baseless accusations" concerning "tardiness" and "quality issues" were "stressors." Miller Response, at *6. He contends that "[t]hese stressors aggravate and exacerbate Plaintiff's underlying dormant, non-disabling condition and arouse physical debilitating symptoms[.]" *Id.* Miller thus has not alleged that his purported mitral valve prolapse and anxiety disorder substantially limit his ability to work. Taking the evidence in the light most favorable to Miller, his inability to work under certain defined "stressors," albeit stressors borne of conflict with certain supervisors, does not show that he is precluded from performing a class of jobs or wide range of jobs for which he is otherwise qualified. *Schneiker v. Fortis Insurance Company*, 200 F.3d 1055 (7th Cir. 2000)("Standing alone, a personality conflict between an employee and a supervisor – even one that triggers the employee's depression – is not enough to establish that the employee is disabled, so long as the employee could still perform the job under a different supervisor").

Assuming, *arguendo*, that Miller was disabled as defined by the ADA, he has failed to make a *prima facie* showing that he suffered a material adverse change in his employment conditions. *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876 (6th Cir. 1996). In *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), the United States Supreme Court

described tangible employment actions which constitute a significant change in employment status as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Id.* at 761. Miller has not alleged that he has suffered any of these employment actions.

Miller's EEOC complaint alleged only that on April 18, 2003 United Defense denied his medical leave request. The matter of FMLA leave was explored with Miller in his deposition. He testified that there were times when initially there was some question concerning whether he was entitled to FMLA leave or his request was denied, but ultimately he was permitted FMLA leave each time he requested it. Miller depo., pgs. 22-26. He remains employed full-time by United Defense.

The evidence of record thus fails to establish either a violation of the ADA or the FMLA. Miller's own deposition testimony evidences that he was granted the FMLA leave he requested and that, in light of the fact that he remains in full-time employment with United Defense as a Labor Grade 4 employee, he has suffered no significant change in his employment status.

For the reasons set forth herein, the motion of United Defense for summary judgment will be granted. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**